1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JARRIS J. SILAGI,                           No.  2:15-cv-1118 DAD P

12                     Plaintiff,

13         v.                                     ORDER

14   DEPARTMENT OF STATE HOSPITAL,
     et al.,
15
                      Defendants.
16

17

18                                    BACKGROUND

19         Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison, has filed a

20   civil rights action pursuant to 42 U.S.C. § 1983.

21         Plaintiff's complaint reads, in its entirety, as follows:

22              On 5/18/2015, in Salinas Valley State Prison, Dr. Terrini
                interviewed me, Jarris J. Silagi, concerning an illegal MDO action
23              against me.  The MDO action is unconstitutional.  I seek for the
                MDO action to be withdrawn in the interest of justice.
24

25   (Complaint, ECF No. 1 at 1.)  In his complaint, plaintiff names as defendants the California

26   Department of State Hospitals ("DSH"), and two individuals, Dr. Rohrer and Dr. Terrini.  The

27   term "MDO," as used in the complaint before the court, apparently refers to the Mentally

28   Disordered Offenders law, California Penal Code §§ 2960-2981.  According to a website operated

                                              1

by defendant DSH:

> A prisoner who meets six specific MDO criteria . . . shall be ordered by the Board of Prison Hearings (BPH) to be treated by the Department of State Hospitals (DSH) as a condition of parole. An MDO patient is a parolee who meets the criteria and is paroled on the condition that he or she receives DSH treatment.

Forensics: Mentally Disordered Offenders Program (MDO), California Dep't of State Hosps., http://www.dsh.ca.gov/forensics/MDO.asp. The court takes judicial notice of the pertinent state statutes and the content of the quoted web page pursuant to Federal Rule of Evidence 201(b).

Given the sparseness of the allegations of plaintiff's complaint, it is impossible to determine whether his claims are properly brought in a civil rights action pursuant to 42 U.S.C. § 1983 or as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. §§ 2241 and 2254. The court will screen plaintiff's complaint as if it were a § 1983 complaint and trust that, upon amendment, the court will be able to discern the specific nature of plaintiff's claim(s).

Similarly, it is unclear whether venue is proper in the Eastern District of California. Generally, a civil action may be brought in one of the following:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Venue for a suit against the State of California, of which DSH is an arm, is proper in any federal judicial district within California. However, in habeas corpus proceedings, venue is proper "in the district wherein such person is in custody or in . . . the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). Salinas Valley State Prison, where plaintiff is currently incarcerated, is in the Northern District of California. In 2014, the California Court of Appeal decided a direct appeal by one Jarris Jay Silagi, involving a criminal conviction in the Los Angeles County Superior Court, which is located in the Central District of California. People v. Silagi, No. B248087, 2014 WL 2001030

(Cal. Ct. App. May 16, 2014).  If plaintiff is found eligible for MDO status, it may be that he is eventually hospitalized in a facility within the Eastern District of California.  Because it cannot be determined whether this case is properly framed as a civil rights complaint or as a petition for habeas relief, the court cannot address the propriety of venue at this juncture.  Again, it is anticipated that, upon amendment, plaintiff will provide sufficient information for the court to decide the question of venue.

ANALYSIS

I. <u>Screening Requirement</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light

/////

3

1    most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, <u>Jenkins v.</u>

2    <u>McKeithen</u>, 395 U.S. 411, 421 (1969).

3         Here, the court finds the allegations in plaintiff's complaint so vague and conclusory that

4    it is unable to determine whether the current action is frivolous or fails to state a claim for relief.

5    The court has determined that the complaint does not contain a short and plain statement as

6    required by Federal Rule of Civil Procedure 8(a)(2).  Although the Federal Rules adopt a flexible

7    pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

8    succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

9    must allege with at least some degree of particularity overt acts which defendants engaged in that

10   support plaintiff's claim.  <u>Id.</u>  Because plaintiff has failed to comply with the requirements of

11   Federal Rule of Civil Procedure 8(a)(2), the complaint must be dismissed.  The court will,

12   however, grant plaintiff leave to file an amended complaint.

13        If plaintiff chooses to amend the complaint, plaintiff must allege facts therein

14   demonstrating how the conditions complained of have resulted in a deprivation of plaintiff's

15   constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint

16   must allege in specific terms how each named defendant is involved.  There can be no liability

17   under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's

18   actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633

19   F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

20   vague and conclusory allegations of official participation in civil rights violations are not

21   sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

22        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

23   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

24   complaint be complete in itself without reference to any prior pleading.  This is because, as a

25   general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375

26   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

27   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

28   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

4

II. <u>Filing Fee</u>

Plaintiff has not paid the required filing fee of $350.00 plus the $50.00 administrative fee nor has he filed an application to proceed in forma pauperis. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(a). Plaintiff will be granted thirty days to pay the filing fee in full or submit a properly completed application to proceed in forma pauperis.

Plaintiff is cautioned that the in forma pauperis application form includes a section that must be completed by a prison official, and the form must be accompanied by a certified copy of plaintiff's prison trust account statement for the six-month period immediately preceding the filing of this action.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. Plaintiff shall submit, within thirty days from the date of this order, either the $350.00 filing fee plus the $50.00 administrative fee or a properly completed application to proceed in forma pauperis on the form provided with this order; plaintiff is cautioned that failure to comply with this order or seek an extension of time to do so will result in dismissal of this action without prejudice; and

4. The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma Pauperis By a Prisoner for use in a civil rights action.

Dated: June 2, 2015

_Dale A. Drozd_
_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:10/mp
sila1118.14.new+3a